USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 0 9 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBRA THIMMESCH,

Plaintiff,

-v-

CITY OF NEW YORK, et al.

Defendants,

---

12 Civ. 8882 (KBF)

DECISION & ORDER

KATHERINE B. FORREST, District Judge:

Plaintiff, counseled, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985, and state law, against the City of New York and several New York City Police Department ("NYPD") personnel, alleging, generally, that she was falsely arrested and battered by the NYPD while demonstrating in Zuccotti Park as part of Occupy Wall Street on March 17, 2012. Plaintiff was on-site from 5:00 p.m. through 7:00 p.m., when she heard a police announcement ordering her and the other gathered demonstrators to leave. (Compl. ¶¶ 52, 54, 57, 58.) Plaintiff, and many if not most of the other demonstrators, did not leave the park, and uniformed police in riot gear entered. (Id. ¶¶ 68. 69.) Plaintiff alleges she could not leave the park due to the chaos and humanity caused by the police's entrance. (Id. ¶¶ 69-77.) She was then forcibly removed by police, who handcuffed and arrested her on-site. (Id. ¶¶ 78, 79, 92, 94-101.) After several hours at the police precinct in Midtown South, and then later at Central Booking, plaintiff was released. (Id. ¶¶ 96-103.) She now brings

suit, alleging false arrest, false imprisonment, assault, battery, failure to intervene, malicious prosecution, negligence, negligent retention and hiring, negligent infliction of emotional distress, several additional civil rights violations, conspiracy to violate civil rights, and a claim for municipal liability pursuant to Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978).

Defendants moved to dismiss all claims on March 4, 2013. (ECF No. 4). Pursuant to this Court's Local Civil Rule 6.1(b), any opposition was due on March 18, 2013. Plaintiff filed no opposition by that date, and, only after being altered to this failing by the Court, filed an opposition on April 5, 2013. (See ECF Nos. 9, 10.)[1]

Plaintiff's allegations fail to state a claim. Each of plaintiff's claims relating to her arrest must be dismissed because, even accepting the allegations of the complaint as true,[2] the police had probable cause to arrest plaintiff. Probable cause is a complete defense to claims of false arrest, false imprisonment, malicious prosecution, and the like, even when a person is ultimately acquitted of all charges.

---

[1] Having not filed any opposition by the date required, the Court could have deemed plaintiff's claims abandoned and have dismissed this action on that basis alone. See In re Refco Cap. Mkts., Ltd. Brokerage Customer Sec. Litig., 06 Civ. 643, 2007 WL 2694469, at *6 (S.D.N.Y. Sept. 13, 2007) (Lynch, J.); see also Johnson v. Comm. of Soc. Sec., 519 F. Supp. 2d 448 (S.D.N.Y. 2007).

[2] To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain enough factual material 'to raise a right to relief above the speculative level.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2012) (quoting Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Román-Oliveras v. P.R. Elec. Power Auth., 655 F.3d 43, 49 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 570); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In applying that standard, the court accepts as true all well-plead factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. If the court can infer no more than "the mere possibility of misconduct" from the factual averments, dismissal is appropriate. Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

See O'Brien v. City of Yonkers, 07 Civ. 3974, 2013 WL 1234966, at *4 (S.D.N.Y. Mar. 22, 2013); Cole v. City of New York, 10 Civ. 5308, 2013 WL 781640, at *5 (S.D.N.Y. Mar. 1, 2013). "Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Cole, 2013 WL 781640, at *5.[3] The Court considers probable cause in light of the facts known to the officers at the time of arrest. Id.

In this case, the police could reasonably believe that plaintiff was committing trespass. Zuccotti Park at all relevant times was "privately owned public space" by Brookfield Properties. See People v. Nunez, 943 N.Y.S.2d 857, 861 (N.Y. Crim. Ct. 2012).[4] Brookfield promulgated rules for use of Zuccotti Park, and, during the course of Occupy Wall Street requested police assistance in ensuring that those rules would be followed--eventually asking the police to evacuate the park in late 2011. See id. at 862. In the specific case of Zuccotti Park because of its status as privately-owned property, when one is ordered to leave by police and does not, such conduct can comprise a trespass. See id. at 866. As that is exactly what occurred in plaintiff's case here, the police entering Zuccotti Park could have reasonably come to the conclusion that plaintiff was committing trespass. Why plaintiff failed to leave

---

[3] The standard for probable cause in the case of malicious prosecution is slightly different--probable cause exists when the facts and circumstances "would lead a reasonably prudent person in like circumstances to believe plaintiff guilty." See Colon v. City of New York, 60 N.Y.2d 78, 82 (1983) (citation omitted). The difference is immaterial in this case.

[4] The Court may take judicial notice of other lawsuits containing certain information, as well as facts not subject to reasonable dispute and generally known within the jurisdiction. See Fed. R. Evid. 201(b); In re Bear Stearns Cos., Inc. Sec., Derivative, and ERISA Litig, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011).

the park is irrelevant, and plaintiff cites to no case supporting her argument that her failure to leave was excused. (See ECF No. 10 at 4-5.) Accordingly, the police had probable cause to detain plaintiff.

Plaintiff's claim for conspiracy to violate her civil rights pursuant to 42 U.S.C. § 1985 is similarly dismissed. Absent an underlying constitutional violation--which is absent in this case--no conspiracy claim may lie. See Beckles v. City of New York, 08 Civ. 3687, 2011 WL 722770, at *6 (Feb. 25, 2011). Moreover, all defendants were members of the NYPD and all were acting as police during the incidents alleged in the Complaint. See Hoffman v. Nassau County Police Dep't, 06 CV 1947, 2008 WL 1926773, at *5 (E.D.N.Y. Apr. 30, 2008). It is simply not plausible that the police were not acting as police during the events involved in this case, as plaintiff argues. (See ECF No. 10 at 6.)

Plaintiff's assault and battery claims are best construed in the context of a police arrest as claims for excessive force. Here, however, the only manner in which plaintiff alleges she was injured was during her handcuffing. However, "[f]requently, a reasonable arrest involves handcuffing the suspect, and to be effective handcuffs must be tight enough to prevent the arrestee's hands from slipping out." Beckles, 2011 WL 722770, at *5; see also id. ("discomfort and pain alone are generally insufficient"). The mere fact that plaintiff here was handcuffed during her arrest does not form the basis for an excessive force claim. Plaintiff's doctors records--to the extent they establish anything more than that plaintiff was subjected to handcuffing--were not attached to the complaint and allegations

concerning those records were not included therewith. They were attached only to plaintiff's opposition papers, and, since the Court may only consider the allegations in the complaint on the current motion, are not properly before the Court. (See ECF No. 10 Ex. A.) The allegations of the complaint do not support the claim made such that that claim meets the high standard for excessive force as being "objectively unreasonable in light of the facts and circumstances confronting [the officers], without regard to [their] underlying intent or motivation." Espada v. Schneider, 522 F. Supp. 2d 544, 555 (S.D.N.Y. 2007).

Also because of the lack of an underlying constitutional violation, plaintiff's municipal liability claim under Monell must be dismissed as well. See Genovese v. Town of Southhampton, ___ F. Supp. 2d ___, 10 CV 3470, 2013 WL 420105, at *13 (E.D.N.Y. Feb. 1, 2013) ("When a plaintiff lacks any underlying claim of a deprivation of a constitutional right, the claim of municipal liability on the part of the municipal defendant must be dismissed as well.") (citing Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).[5]

[5] To the extent this Order fails to cover any remaining state law claims asserted by plaintiff--most if not all of which overlap with each other as well as with plaintiff's federal claims, which are eighteen claims in all--the Court refrains from exercising supplemental jurisdiction over them, as is in its discretion, see Beckles, 2011 WL 722770, at *7, and dismisses them.

CONCLUSION

Defendants' motion to dismiss is GRANTED in its entirety.

The Clerk of the Court is directed to terminate this motion (ECF No. 4), and to terminate this case.

Dated: New York, New York
April 9, 2013

KATHERINE B. FORREST
United States District Judge